Case 1:26-cv-03533    Document 1-1    Filed 04/29/26    Page 1 of 7

**EXHIBIT 1**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-------------------------------------------------------------------------X

MARIAM DIALLO

                          Plaintiff,                        Index No.:

    -against-

LULULEMON ATHLETICA INC.,                 **SUMMONS**

                         Defendant.

 -------------------------------------------------------------------------X

To the above-named Defendant:

Plaintiff, Mariam Diallo, designates New York County as the place of trial. Venue is proper in this county pursuant to CPLR 503 (a).  Plaintiff resides at 605 W 42nd Street Apt 18A, New York, New York 10036 located in New York County, New York.

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service, or within 30 days if this summons is not personally delivered in New York State, exclusive of the day of service.

IF YOU FAIL TO ANSWER, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 18, 2026
New York, New York

                                          **/s/ Yoram Nachimovsky, Esq., //**
                                          YORAM NACHIMMOVSKY PLLC
                                          *Attorneys for Plaintiff*
                                          225 Broadway, Suite 2018
                                          New York, NY 10007
                                          Email: ynlaw@ynlawpllc.com
                                          Tel: (212) 267-1157

Case 1:26-cv-03533    Document 1-1    Filed 04/29/26    Page 2 of 7

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-----------------------------------------------------------------------X

MARIAM DIALLO

                        Plaintiff,

       -against-

LULULEMON ATHLETICA INC.,

                       Defendant.

 -----------------------------------------------------------------------X

Index No.:

**COMPLAINT**

Plaintiff, MARIAM DIALLO, (hereafter, "Plaintiff ") by, and through undersigned counsel for its Complaint against Defendant, LULULEMON ATHLETICA INC., (hereafter, "Defendant"), alleges as follows:

### PARTIES

1.      Plaintiff, Mariam Diallo, is an individual who resides at 605 West 42nd Street, Apt 18A, New York, New York 10036. Plaintiff is a professional model with a history of contracting for major brands, including Nike and Calvin Klein. Prior to her modeling career, Ms. Diallo was the winner of a beauty pageant for 16 countries in Africa and was declared Ms. Guinea.

2.      Defendant, Lululemon Athletica Inc., is a Delaware corporation with its principal place of business in Vancouver, Canada, doing business in New York City and the State of New York.

### JURISDICTION AND VENUE

INDEX NO. 153315/2026

Case 1:26-cv-03533    Document 1-1    Filed 04/29/26    Page 3 of 7

RECEIVED NYSCEF: 03/18/2026

3.     Defendant conducts substantial business in New York, including operating retail stores, engaging in online sales to New York residents, and promoting its products through advertising accessible in New York.

4.     Defendant purposefully availed itself of the privileges of conducting business in New York.

5.     Plaintiff's claims arise directly from Defendant's business activities affecting Plaintiff in New York, including the unauthorized use of Plaintiff's image in marketing materials accessible to New York consumers and users throughout the World.

6.     This Court has personal jurisdiction over Defendant pursuant to CPLR §§ 301 and 302(a)(1).

7.     Venue is proper in New York County under CPLR § 503(a) because Plaintiff resides in New York City and the cause of action arose, in part, from acts committed within the county.

### FACTUAL ALLEGATIONS

8.     Plaintiff is a former Ms. Guinea, and the winner of multiple pageants in Africa, as well as a professional model who receives compensation for the use of her image in commercial campaigns.

9.     On or about September 30, 2023, and continuing thereafter on an ongoing basis until removal following Plaintiff's demands (including through cached versions, shares, and derivative promotional uses accessible online), Defendant used Plaintiff's image and likeness on

its website (including prominent product pages, promotional sections, and marketing materials) and in other promotional materials without her prior written consent and without compensating her.

10.    Plaintiff sent Defendant multiple cease-and-desist letters demanding removal of her image and appropriate compensation.

11.    Defendant finally removed Plaintiff's image from its website and promotional materials following Plaintiff's demands but has not compensated her for the period during which the image was extensively used to promote Defendant's goods and services, nor for any continuing benefit derived therefrom.

12.    Defendant financially benefited from the unauthorized use of Plaintiff's likeness, including through increased sales, brand promotion, and consumer engagement attributable to the use.

13.    Plaintiff has been damaged in an amount equal to her reasonable modeling fee for similar commercial campaigns, plus consequential damages.

14.    Plaintiff did not discover the full extent and ongoing nature of the unauthorized use until after sending initial demands, and Defendant's delay in full removal and lack of disclosure concealed the scope of the violation, equitably tolling any applicable limitations periods.

**FIRST CAUSE OF ACTION BREACH OF CONTRACT / IMPLIED CONTRACT**

15.    Plaintiff repeats and realleges paragraphs 1–14 as if fully set forth herein.

16.     By using Plaintiff's image in its commercial promotions and thereby deriving benefit, Defendant entered into an implied-in-fact or quasi-contract to compensate Plaintiff at her reasonable modeling rate.

17.     Defendant breached this implied contract by failing to pay Plaintiff for her work and the value provided.

18.     As a direct result, Plaintiff has suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION MISAPPROPRIATION OF LIKENESS / RIGHT OF PUBLICITY

19.     Plaintiff repeats and realleges paragraphs 1–18 as if fully set forth herein.

20.     Defendant used Plaintiff's name, portrait, picture, or likeness within this state for advertising purposes or for the purposes of trade without her written consent, in violation of New York Civil Rights Law §§ 50 and 51.

21.     Defendant knowingly used Plaintiff's likeness in such manner, and Plaintiff has suffered damages and is entitled to recovery of Defendant's profits attributable to the unauthorized use of her likeness, as well as exemplary damages.

## THIRD CAUSE OF ACTION UNJUST ENRICHMENT

22.     Plaintiff repeats and realleges paragraphs 1–21 as if fully set forth herein.

23.     Defendant has been unjustly enriched by obtaining the benefit of Plaintiff's likeness without providing compensation.

24.     Equity requires Defendant to pay Plaintiff the reasonable value of the benefit received.

## FOURTH CAUSE OF ACTION ACCOUNTING AND DISGORGEMENT

25.     Plaintiff repeats and realleges paragraphs 1–24 as if fully set forth herein.

Case 1:26-cv-03533 Document 1-1 Filed 04/29/26 Page 6 of 7

26. Defendant received revenues and profits from the commercial use of Plaintiff's image, the full scope of which is known only to Defendant.

27. Plaintiff is entitled to a full accounting of all revenues, profits, and benefits derived from the unauthorized use of her likeness.

28. Equity requires Defendant to disgorge all such profits.

## FIFTH CAUSE OF ACTION COMMON-LAW COMMERCIAL MISAPPROPRIATION

29. Plaintiff repeats and realleges paragraphs 1–28 as if fully set forth herein.

30. Defendant knowingly appropriated Plaintiff's likeness for commercial gain without consent.

31. Defendant's actions constitute common-law commercial misappropriation under New York law.

32. Plaintiff has suffered damages and is entitled to Defendant's profits attributable to the unauthorized use.

## SIXTH CAUSE OF ACTION NEW YORK GENERAL BUSINESS LAW § 349

33. Plaintiff repeats and realleges paragraphs 1–32 as if fully set forth herein.

34. Defendant engaged in deceptive acts and practices by using Plaintiff's image in advertising likely to mislead reasonable consumers into believing she endorsed, was affiliated with, or sponsored Defendant's products and brand, thereby deceiving the public at large.

35. Defendant's conduct was consumer-oriented and affected the public at large.

36. Plaintiff has suffered actual damages as a result and is entitled to remedies under GBL § 349, including attorneys' fees.

Case 1:26-cv-03533   Document 1-1   Filed 04/29/26   Page 7 of 7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Award compensatory damages in an amount to be determined at trial;

2. Award Defendant's profits attributable to the unauthorized use of Plaintiff's likeness;

3. Award punitive/exemplary damages, if applicable;

4. Award attorneys' fees and costs;

5. Award pre- and post-judgment interest; and

6. Grant such other and further relief as the Court deems just and proper.

Dated: March 18, 2026
New York, New York

**/s/ Yoram Nachimovsky, Esq., //**
YORAM NACHIMMOVSKY PLLC
*Attorneys for Plaintiff*
225 Broadway, Suite 2018
New York, NY 10007
Email: ynlaw@ynlawpllc.com
Tel: (212) 267-1157