UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAM DIALLO,

Plaintiff,

v.

LULULEMON ATHLETICA INC.,

Defendant.

26-CV-3533 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On March 10, 2026, Plaintiff Mariam Diallo commenced this action against Defendant Lululemon Athletica Inc., asserting several New York common-law claims as well as claims under the New York Civil Rights Law ("NYCRL") and New York General Business Law ("GBL"). *See* Dkt. 1, Ex. 1 ("Compl."). Plaintiff alleges that Defendant used her image and likeness on its website and in promotional materials without her prior written consent. *Id.* ¶ 9. Before the Court is Defendant's motion to dismiss. *See* Dkt. 11. For the following reasons, Defendant's motion is granted. If Plaintiff elects to file a motion for leave to amend, she may do so by December 23, 2026; otherwise, her claims will be dismissed with prejudice.

## BACKGROUND[1]

Plaintiff is a professional model and the winner of multiple beauty pageants in Africa. *See* Compl. ¶¶ 1, 8. On or about September 30, 2023, Defendant used Plaintiff's image and likeness on its website and in promotional materials without her prior written consent and without compensating her. *Id.* ¶ 9. After discovering the unauthorized use, Plaintiff sent Defendant

[1] The facts set forth in this section are drawn from Plaintiff's Complaint and are assumed to be true for the purposes of this motion. *See Roth v. Jennings*, 489 F.3d 499, 509–10 (2d Cir. 2007).

multiple cease-and-desist letters in which she demanded removal of her image and compensation for Defendant's past use of her image. *Id.* ¶ 10. Defendant eventually removed Plaintiff's image but refused to compensate her for the period of time during which her image was used. *Id.* ¶ 11. According to Plaintiff, Defendant benefited financially from the unauthorized use of her likeness, including through increased sales and brand promotion. *Id.* ¶ 12.

On March 10, 2026, Plaintiff filed a Complaint against Defendant in New York State Supreme Court. In her Complaint, Plaintiff alleges that Defendant breached an implied or quasi-contract to compensate Plaintiff at her reasonable modeling rate, misappropriated her likeness in violation of NYCRL §§ 50 and 51, committed common-law commercial misappropriation, and engaged in deceptive acts and practices in violation of GBL § 349. *Id.* ¶¶ 15–21, 33–36. Plaintiff also alleges that Defendant was unjustly enriched and that she is entitled to an accounting and disgorgement of Defendant's profits. *Id.* ¶¶ 22–28. Defendant timely removed the action to federal court pursuant to 28 U.S.C. § 1446(b) and, on June 5, 2026, filed the instant motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] In assessing the sufficiency of a pleading, a court must disregard legal conclusions, which are not entitled to the presumption of truth, and instead examine the well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

[2] Unless otherwise noted, case quotations omit all citations, quotation marks, alterations, and footnotes.

inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

### I. New York Civil Rights Law

Plaintiff first contends that Defendant misappropriated her likeness in violation of NYCRL §§ 50 and 51. This claim is time-barred under the applicable statute of limitations.

Section 50 of the NYCRL makes it a misdemeanor to "use[] for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or if a minor of his or her parent or guardian." N.Y. Civ. Rights Law § 50. Section 51, in turn, confers a private right of action on those aggrieved by a violation of §50. *Id.* § 51; *see Comolli v. Huntington Learning Ctrs., Inc.*, 683 F. App'x 27, 29 (2d Cir. 2017) (summary order). Pursuant to New York Civil Practice Law and Rules ("CPLR") § 215(3), "an action for a violation of the right of privacy under [§ ]51 must be brought within one year of the claim's accrual." *Bondar v. LASplash Cosms.*, No. 12-CV-1417, 2012 WL 6150859, at *6 (S.D.N.Y. Dec. 11, 2012); *see Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 240 (2d Cir. 2021). New York courts apply a single publication rule to claims under NYCRL § 51 such that the "cause of action accrues on the date the offending material is first published." *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 122 (2d Cir. 2023). A claim under NYCRL § 51 must therefore be brought within one year of the date "the publishing event giving rise to plaintiff's right of privacy claims first occurred." *Nussenzweig v. diCorcia*, 9 N.Y.3d 184, 188 (2007).

Plaintiff alleges that Defendant began using her image and likeness on its website and in promotional materials on or about September 30, 2023, more than two years before the Complaint was filed on March 10, 2026. *See* Compl. ¶ 9. Accordingly, because Plaintiff did not bring her claim within one year of the accrual of her NYCRL § 51 claim, Plaintiff's § 51 claim is time-

barred on the face of the Complaint.

Plaintiff does not dispute that she brought her claim more than one year after Defendant began using Plaintiff's image and likeness.[3] Instead, Plaintiff argues that her claim is timely because "New York courts have recognized that republication or new uses can give rise to new accrual dates in appropriate circumstances." Dkt. 13 ("Opp.") at 6. It is true that the statute of limitations period for a § 51 claim can be refreshed if an item is "republished." *Ratermann v. QuickFrame, Inc.*, No. 22-CV-325, 2024 WL 5077352, at *5 (S.D.N.Y. Dec. 11, 2024). But New York courts apply the republication exception only where the subsequent publication "(1) is intended for and reaches a new audience, *or* (2) materially changes or modifies the original." *Bondar v. LASplash Cosms.*, No. 12-CV-1417, 2012 WL 6150859, at *8 (S.D.N.Y. Dec. 11, 2012). Here, Plaintiff points to the fact that her image and likeness were used on Defendant's website "on an ongoing basis until removal following Plaintiff's demands." Compl. ¶ 9. But this allegation does not suggest that there was a subsequent publication in which the original publication was materially changed or intended to reach a new audience. And courts have made clear that the republication "exception does not apply to [images] published online continuously available to the public." *Marino v. Jonke*, No. 11-CV-430, 2012 WL 1871623, at *12 (S.D.N.Y. Mar. 30, 2012); *see Biro v. Conde Nast*, 963 F. Supp. 2d 255, 267 (S.D.N.Y. 2013) ("Under New York's single publication rule, it is irrelevant, for statute of limitation purposes, that a story remains online after its publication."); *Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 89–90 (2d Cir. 2003).

Plaintiff also argues that her claim is timely pursuant to the doctrines of equitable tolling

---

[3] Plaintiff also correctly concedes that any delay in discovering Defendant's use of her image and likeness does not render her claim timely since the "discovery rule does not generally apply to NYCRL claims." Opp. at 6; *see Trombetta v. Novocin*, 414 F. Supp. 3d 625, 633 n.5 (S.D.N.Y. 2019) ("[T]here is no basis to find that New York courts would adopt a discovery rule to extend the statute of limitations for a right of publicity cause of action.").

and estoppel. *See* Opp. at 6. The Court disagrees. The doctrine of equitable tolling is a federal doctrine that "is not available in state causes of action in New York." *Jang Ho Choi v. Beautri Realty Corp.*, 135 A.D.3d 451, 452 (1st Dep't 2016); *see Busher v. Barry*, No. 20-3587, 2021 WL 5071871, at *4 (2d Cir. Nov. 2, 2021) (summary order). Accordingly, "equitable tolling cannot render timely [Plaintiff's] time-barred claims" under NYCRL § 51. *Button v. New York Times Co.*, No. 24-CV-5888, 2025 WL 2643674, at *9 (S.D.N.Y. Sept. 15, 2025) (declining to apply the equitable tolling doctrine to toll the one-year statute of limitations in CPLR § 215(3)).

Nor does the doctrine of equitable estoppel help Plaintiff here. Equitable estoppel "applies where it would be unjust to allow a defendant to assert a statute of limitations defense" because "the defendant's affirmative wrongdoing . . . produced [a] long delay between the accrual of the cause of action and the institution of the legal proceeding." *Zumpano v. Quinn*, 6 N.Y.3d 666, 673 (2006). "In particular, equitable estoppel prevents a defendant from asserting a statute-of-limitations defense under New York law where a plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" and the plaintiff demonstrates "reasonable reliance on the defendant's misrepresentations." *Id.* at 674. In order to invoke equitable estoppel under New York law, a plaintiff must show that "(1) the plaintiff was induced by fraud, misrepresentations, or deception to refrain from filing a timely action; (2) the plaintiff reasonably relied on the defendants' misrepresentations; and (3) the plaintiff exercised due diligence in bringing an action within a reasonable period of time after the facts giving rise to the equitable estoppel claim have ceased to be operational." *Endemann v. Liberty Ins. Corp.*, No. 22-1217, 2023 WL 4102245, at *1 (2d Cir. June 21, 2023) (summary order).

Plaintiff has failed to make that showing. Plaintiff argues only that Defendant's "delay in removal combined with lack of transparency[] prevented timely filing." Opp. at 6. But Plaintiff's

Complaint was filed before Defendant removed the action to federal court. Any delay in Defendant's removal of the action therefore could not have prevented Plaintiff's timely filing of the action.[4] Plaintiff also contends that Defendant's delay in responding to her initial demand letter on December 23, 2024 "may support timeliness arguments." *Id.* But it is well-established that a defendant's "mere silence is insufficient to invoke the doctrine of equitable estoppel." *Cruz v. United Fed'n of Tchrs.*, 9 N.Y.S.3d 256, 257 (1st Dep't 2015). Moreover, "[a] wrongdoer is not legally obliged to make a public confession, or to alert people who may have claims against it, to get the benefit of a statute of limitations." *Zumpano*, 849 N.E.2d at 930. The Court therefore rejects Plaintiff's argument that the doctrine of equitable estoppel precludes Defendant from invoking the statute of limitations.

Finally, Plaintiff argues that "even if some portion of [her] damages claim were time-barred, her request for injunctive relief under NYCRL § 51 is equitable in nature and may not be subject to the same strict limitations analysis." Opp. at 7. But Plaintiff's Complaint does not include a prayer for injunctive relief, *see* Compl. at 7, and none of the individual causes of action in the Complaint reference a request for injunctive relief, *see id.* ¶¶ 15–36. Nor has Plaintiff explained in her opposition what kind of injunctive relief she is seeking. The Court therefore declines to read the Complaint to request injunctive relief.[5] *See Plumbing Supply, LLC v. Exxonmobil Oil Corp.*, No. 14-CV-3674, 2016 WL 1611490, at *5 (S.D.N.Y. Apr. 21, 2016)

---

[4] In any event, Defendant did not delay in removing the action. Defendant was served on April 1, 2026, and filed a notice of removal on April 29, 2026, less than 30 days later. *See* Dkt. 1 ¶ 18; 28 U.S.C. § 1446(b).

[5] Defendant argues that the one-year statute of limitations in CPLR § 215(3) also applies to claims for injunctive relief under § 51 of the NYCRL. *See* Dkt. 14 at 4. By its terms, however, the one-year statute of limitations in CPLR § 215(3) applies only to "action[s] to recover damages for . . . violation[s] of the right of privacy under [§ 51] of the [NYCRL]." CPLR § 215(3). Neither party has pointed the Court to any authority on the question whether New York courts would also apply the one-year statute of limitations in CPLR § 215(3) to claims for injunctive relief under § 51 of the NYCRL. Because the Complaint does not seek injunctive relief, the Court need not resolve that question.

(declining "to read [the plaintiff's claims] to seek injunctive relief" where the plaintiff's claims "explicitly seek only damages"). Plaintiff's claim under NYCRL §§ 50 and 51 is therefore dismissed as time-barred.

**II. Common Law Commercial Misappropriation**

Plaintiff also alleges a common law claim for commercial misappropriation. *See* Compl. ¶¶ 29–32. But "New York courts have indicated clearly that the [NYCRL] preempts *any* common law right of publicity action." *Pirone v. MacMillan, Inc.*, 894 F.2d 579, 586 (2d Cir. 1990) (emphasis added); *see Hampton v. Guare*, 600 N.Y.S.2d 57, 58 (1993) ("There is no common-law right of privacy in this State, only the remedy created by [NYCRL] §§ 50 and 51"). Plaintiff's common law misappropriation claim is therefore preempted.

Plaintiff responds that whether preemption bars her claims "categorically" is "better addressed after discovery clarifies the precise nature of any relationship or course of dealing between the parties." Opp. at 7. But because the "motion to dismiss mechanism exists to prevent plaintiffs from conducting fishing expeditions," Plaintiff is "not entitled to discovery on preempted claims." *Utts v. Bristol-Myers Squibb Co.*, 251 F. Supp. 3d 644, 673 (S.D.N.Y. 2017). Plaintiff's common law misappropriation claim is therefore dismissed for failure to state a claim.

**III. Unjust Enrichment**

Plaintiff also brings an unjust enrichment claim under New York law. *See* Compl. ¶¶ 22–24. But because "[t]he [NYCRL] preempts all common law claims based on unauthorized use of name, image, or personality, including unjust enrichment claims, . . . there is no cause of action in New York for unjust enrichment arising from [the] alleged unauthorized use of personal image." *Zoll v. Ruder Finn, Inc.*, No. 2-CV-3652, 2004 WL 42260, at *4 (S.D.N.Y. Jan. 7, 2004); *Maxwell v. N.W. Ayer, Inc.*, 605 N.Y.S.2d 174, 176–77 (N.Y. Sup. Ct. 1993) ("[A] plaintiff does not have

a cause of action for . . . unjust enrichment based on the unauthorized use of her name. The plaintiff's sole remedy in such a situation is an action under §§ 50 and 51 of the [NYCRL] and the alleged unjust enrichment of the defendant is part of that cause of action.").

In any event, "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). "'Conventional' tort claims include statutory claims." *Columbo v. Philips Bryant Park LLC*, No. 22-CV-775, 2024 WL 1138942, at *15 (S.D.N.Y. Mar. 15, 2024). Here, Plaintiff's unjust enrichment claim rests on identical allegations to her NYCRL claim and is therefore duplicative of her NYCRL claim. *Compare* Compl. ¶ 20 (alleging that Defendant violated the NYCRL by "us[ing] Plaintiff's name, portrait, picture, or likeness" without her consent), *with id.* ¶ 22 (alleging that Defendant was unjustly enriched by using "Plaintiff's likeness without providing compensation"). Plaintiff responds that her unjust enrichment claim should survive because it is "pled in the alternative." Opp. at 7. But "even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action." *Carovillano v. Sirius XM Radio Inc.*, 715 F. Supp. 3d 562, 586 (S.D.N.Y. 2024). Because Plaintiff has offered no explanation for why her unjust enrichment claim is not simply duplicative of her NYCRL claim, Plaintiff's unjust enrichment claim must also be dismissed as duplicative.

### IV. Implied Contract / Quasi-Contract

Plaintiff next contends that Defendant breached an implied contract or quasi-contract by failing to pay her for the use of her image and likeness. *See* Compl. ¶¶ 16–17. The Court disagrees.

Under New York law,[6] "the elements required to allege a breach of implied contract are

---

[6] The parties assume that New York law applies to Plaintiff's implied contract claim and only cite cases

identical to those necessary to allege a breach of contract." *Wallace v. Health Quest Sys., Inc.*, No. 20-CV-545, 2021 WL 1109727, at *10 (S.D.N.Y. Mar. 23, 2021) (citing *Forest Park Pictures v. Univ. TV Network, Inc.*, 683 F.3d 424, 432 (2d Cir. 2012)). "[T]o make a claim for breach of contract, a plaintiff must allege: (1) the existence of an agreement between [herself] and the defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by the defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Ancile Inv. Co. Ltd. v. Archer Daniels Midland Co.*, 784 F. Supp. 2d 296, 303 (S.D.N.Y. 2011) (citing *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004)). With respect to the first element, a complaint must allege "the essential terms of the parties' purported contract in non-conclusory language, including the specific provisions of the contract upon which liability is predicated." *Sirohi v. Trs. of Columbia Univ.*, 162 F.3d 1148 (2d Cir. 1998) (summary order). "A complaint 'fails to sufficiently plead the existence of a contract' if it does not provide 'factual allegations regarding, inter alia, the formation of the contract, the date it took place, and the contract's major terms.'" *Childers v. N.Y. & Presbyterian Hosp.*, 36 F. Supp. 3d 292, 312 (S.D.N.Y. 2014) (quoting *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand*, 455 Fed. App'x 102, 104 (2d Cir. 2012) (summary order)).

In support of her implied contract claim, Plaintiff alleges only that "Defendant entered into an implied-in-fact . . . contract to compensate Plaintiff at her reasonable modeling rate" by "using [her] image in its commercial promotions and thereby deriving benefit." Compl. ¶ 16. Because "Plaintiff does not identify any of the alleged agreement's terms" nor "what [her] or Defendant['s] obligations were under the alleged contract," Plaintiff has not adequately alleged the existence of an implied contract. *Phillips v. Google LLC*, No. 24-CV-5742, 2025 WL 1795894, at *3 (S.D.N.Y.

---

applying New York law in their briefing. The Court therefore applies New York law. *See Emergency Physician Servs. of N.Y. v. UnitedHealth Grp., Inc.*, No. 20-CV-9183, 2021 WL 4437166, at *11 n.6 (S.D.N.Y. Sept. 28, 2021).

June 30, 2025); *Childers*, 36 F. Supp. 3d at 312–13 (dismissing a breach-of-contract claim where the complaint did "not allege any conduct on the part of the [defendant], or any other facts, sufficient to infer an intention on the part of the [defendant] to be bound in a contractual relationship with [the] [p]laintiffs").

Plaintiff also fails to state a claim for breach of a quasi-contract. "In order to recover in quantum meruit under New York law, a claimant must establish '(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services.'" *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (quoting *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 69 (2d Cir. 2000)). Because Plaintiff does not allege that she performed any services in the expectation of compensation, Plaintiff's quasi-contract claim must be dismissed.

**V. New York General Business Law**

Next, Plaintiff asserts a claim under GBL § 349. *See* Compl. ¶¶ 33–36. GBL § 349 makes unlawful all "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." GBL § 349(a). To state a claim under GBL § 349, a plaintiff must allege: "(1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012). In order to satisfy the "consumer-oriented" requirement, a plaintiff must "demonstrate that the acts or practices have a broader impact on consumers at large." *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (quoting *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995)).

Here, Plaintiff asserts that "Defendant engaged in deceptive acts and practices by using

[her] image in advertising likely to mislead reasonable consumers into believing she endorsed, was affiliated with, or sponsored Defendant's products and brand." Compl. ¶ 34. Because the "gravamen" of Plaintiff's Complaint is that Defendant used her likeness and image without her consent, the Complaint alleges "a private dispute over a private injury visited on the individual[] portrayed in the photographs." *Electra*, 987 F.3d at 259 (affirming the dismissal of plaintiffs' GBL § 349 claims where the plaintiffs alleged that the defendant had "used their modeling images without their consent"). Accordingly, Defendant's alleged misconduct was not "consumer-oriented in the sense that [it] potentially affect[s] similarly situated consumers." *Oswego*, 85 N.Y.2d at 27. Plaintiff's GBL § 349 claim must therefore be dismissed.

**VI. Accounting and Disgorgement**

Finally, Plaintiff concedes that her claim for "accounting and disgorgement" is "not an independent cause of action" but rather "a remedy." Opp. at 8. The Court therefore dismisses this claim. *See, e.g.*, *Est. of Albin v. Mertz, LLC*, No. 5-CV-344, 2006 WL 8461442, at *10 (S.D.N.Y. Mar. 15, 2006) ("[P]laintiffs' claim for an accounting is not an independent cause of action but, rather, a remedy and therefore should be dismissed."); *CapLOC, LLC v. McCord*, No. 17-CV-5788, 2020 WL 1036044, at *17 (S.D.N.Y. Mar. 3, 2020) ("[U]nder New York law, 'disgorgement may not stand as an independent cause of action as disgorgement . . . is really a damage claim.'" (quoting *Piccarreto v. Mura*, 970 N.Y.S.2d 408, 426 (N.Y. Sup. Ct. 2013)).

**VII. Request for Discovery**

Plaintiff also requests that the Court convert Defendant's motion to dismiss into a motion for summary judgment to allow Plaintiff a "reasonable opportunity to conduct discovery." Opp. at 2. Plaintiff contends that such a conversion is necessary because Defendant relies on evidence outside the pleadings—namely, a declaration from Joey Falzone, the "Director of Strategic Sales

of lululemon usa inc.," *see* Dkt. 11, Ex. 2 ("Falzone Declaration")—to contest Plaintiff's assertion that Defendant used Plaintiff's image and likeness for commercial purposes and without authorization, *see* Opp. at 2, 5. The Court, however, need not rely on the Falzone Declaration in ruling on the motion to dismiss. For the reasons articulated above, the Court concludes—based only on the allegations in the Complaint and without considering the Falzone Declaration—that Plaintiff failed to plausibly state a claim upon which relief can be granted. Plaintiff's request for discovery is therefore denied. *See Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 307 (2d Cir. 2022) ("[A] plaintiff must allege facts supporting a plausible claim before being entitled to discovery and cannot hide behind broad legal conclusions to satisfy the pleading requirements.").

### VIII. Leave to Amend

Plaintiff also asks the Court to grant leave to amend the Complaint. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). That said, the decision whether to grant leave to amend is committed to the "sound discretion of the district court" and may be denied when amendment would be futile because the amended pleading would not survive another motion to dismiss. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

The Court will allow Plaintiff to file a motion for leave to amend her Complaint. If Plaintiff elects to move for leave to amend, Plaintiff must identify how the proposed amendments would cure the deficiencies identified in this Opinion and Order.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted and Defendant's motion for oral argument is denied as moot. *See* Dkt. 12. If Plaintiff chooses to file a motion for leave to amend and a proposed amended complaint, she may do so by December 23, 2026;

otherwise, her claims will be dismissed with prejudice. The Clerk of Court is respectfully directed to terminate the motions pending at Docket Numbers 11 and 12.

SO ORDERED.

Dated: November 23, 2026
New York, New York

Ronnie Abrams
United States District Judge